**No. 452**

**First Circuit**

———

**GODCHAUX SUGARS, INC., v. FOLEY**

———

(May 7, 1929. Opinion and Decree.)

———

Simmons and Simmons, of Napoleonville, attorneys for plaintiff, appellant.

Guion and Upton, of New Orleans, attorneys for defendant, appellee.

LECHE, J. The plaintiff in this case is a large landholder, owning several sugar plantations adjacent to one another, situated near the town of Napoleonville in the parish of Assumption, right descending bank or west side of Bayou Lafourche. The defendant also owns a sugar plantation, which is completely surrounded in the rear by the plantations of plaintiff. During the high water of 1927, when the whole country, and especially the cultivated lands of plaintiff and defendant, were menaced with disastrous floods from the swamps in the rear of these places, great fear was entertained by the owners that these plantations would be entirely submerged by back waters, and the growing crops thereon entirely destroyed. It was during these panicky days that a contract is alleged by plaintiff to have been entered into by defendant and itself, whereby it was agreed that a protection levee would be built and kept in repair on the Foley plantation of plaintiff, for the protection of the crops of plaintiff and defendant from the back flood waters, and that the cost of building and repairing said protection levee and operating a pumping plant for drainage would be borne by both parties in proportion to the acreage of cultivated lands to be protected. This agreement is said to have been verbal. Plaintiff further sets forth that the protection levee was built and repaired, and the pumping station operated, at a cost paid by itself, and that the proportionate amount due by defendant is the sum of $674, less one pay roll paid by defendant, in the sum of $155, leaving a balance due to plaintiff, amounting to $519, for the recovery of which it instituted the present suit.

Defendant's answer denies that defendant made any such agreement, except to the extent that, in the event it would become necessary to operate the drainage pump, he would pay such proportion of the costs of operation as his cultivated acreage thereby protected might bear to the protected acreage cultivated and owned by plaintiff.

The district judge, after hearing the evidence, believed that plaintiff had failed to make out its case and rejected its demand. Plaintiff has appealed.

Walter Godchaux, manager of plaintiff company, testified substantially that the contract upon which the suit is based was entered into by himself, acting on behalf of plaintiff, and by the defendant personally, about May 23, 1927, while they were discussing the apparent danger of overflow then threatening the destruction of their crops. Willard Foley, the defendant, also testified and remembered that he had met Godchaux on the date mentioned and that they had discussed the advisability of taking steps to protect their property against a peril, which, according to the forecasts of United States government experts, seemed imminent. The parties, however, are far apart in their understanding of what took place at this interview. They had a common interest in keeping the flood waters off their lands and they each were also actuated by that friendly feeling that always arises between fellow sufferers in distress. Foley's version of the conversation is that he readily offered to assist with his plantation laborers in repairing and maintaining the protection levee in the rear of plaintiff's plantations, and that the only obligation he assumed was to pay his pro rata of any expense that plaintiff might undergo in operating the drainage pump in case of necessity. It seems that the rainfall was so light that Godchaux himself testified that the drain-

age was not interfered with and that the amount actually so expended was negligible.

We are then confronted with a situation where two reputable gentlemen of equal unimpeachable character differ materially as to what took place in an important business interview, and the only logical conclusion to be drawn is that there was a serious misunderstanding between them. It is true that an overseer named Acosta was present or near the parties when they met, but his testimony is of little value in determining the real gist of the conversation. The manner in which the work of protection was carried on in combatting the threatened overflow certainly seems to confirm the idea of a complete misunderstanding between Godchaux and Foley. It was impossible to foretell what the expense of the undertaking might amount to, and yet neither party consulted the other as to what he should contribute. Plaintiff used its force of laborers and defendant did likewise, each keeping account of its own pay roll. The amount of $155 which plaintiff credits to defendant in making out its claim was never paid by defendant to plaintiff, but represents an amount which defendant paid to his own laborers while building and repairing plaintiff's protection levee. The amount of this pay roll was ascertained by plaintiff through one of its employees, who asked for this information from defendant. So that the credit thus given by plaintiff is in no wise an acknowledgment of any indebtedness on the part of defendant.

The trial judge believed that the case is only the result of an unfortunate misunderstanding and he rejected plaintiff's demand. We believe his finding is correct.

The judgment appealed from is affirmed.